UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

MITCHELL D. HUDSON,  :  CASE NO. 3:21 CV 1277

    Petitioner,  :

vs.  :  OPINION & ORDER

WARDEN ED SHELDON,  :

    Respondent.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro s*e Petitioner Mitchell D. Hudson has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) He is a state prisoner, convicted in 2018 of possession of drugs in the Shelby County Court of Common Pleas pursuant to a guilty plea and sentenced to five years' imprisonment.

His Petition asserts a single ground for relief: that he "was denied the equal protection of the law when he was denied his jail time credit." (*Id*. at 5, ¶ 12.) He seeks to be awarded 43 days of jail time credit to which he contends he is entitled.

Federal district courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face). Dismissal of a petition is warranted "when the petition is frivolous, or

Case No. 3:21-cv-1277
Gwin, J.

obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen*, 424 F.2d at 141.

The Court finds that the Petition must be dismissed. A federal court may entertain a habeas corpus petition filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus review does not extend to questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Despite Petitioner's reference in his Petition to "the equal protection of the law," the only claim he asserts in his Petition is a challenge to the amount of jail time credit he has been awarded in connection with a state sentence. Such a claim is matter of state law not cognizable on federal habeas corpus review. *See Kipen v. Renico*, 65 Fed. App'x 958, 959 (6th Cir. 2003) (the "computation of [a] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254"); *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) (finding a prisoner's claim that the trial court erroneously denied him jail time credit for time he was detained in jail prior to the imposition of his sentence was not cognizable in a federal habeas corpus proceeding). "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard*, 76 Fed. App'x at 53.

In that the Petition raises a state-law issue not cognizable on federal habeas corpus review, the Petition is denied and this case is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(3).

IT IS SO ORDERED.

Case No. 3:21-cv-1277
Gwin, J.

Dated: August 9, 2021   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE